811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Vaughn MCDOUGALD, Plaintiff-Appellant,
v.
Steven M. CREWS, Det.; R.J. Puz, Det.; Thomas A. Bennett,
Det.; Terry L. Williams, D.K. Fuller, Defendants-Appellees.
 No. 85-3840.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1986.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 The pro se appellant, Robert Vaughn McDougald, is appealing the September 30, 1985, order of the district court granting the appellees' motion for summary judgment and dismissing the case with prejudice.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The appellant filed this action pursuant to 42 U.S.C. Sec. 1983 on March 29, 1985. The appellant brings this action against five police officers alleging that they conspired to violate his civil rights by falsifying various reports, and perjuring themselves in hearings of an unspecified nature held in May of 1983. The appellees filed a motion to dismiss or in the alternative for summary judgment. The appellant filed a motion in opposition.
 
 
 4
 On the evening of March 4, 1983, at approximately 11:30 p.m., the appellant was on the street in the vicinity of Fifth and Ludlow Streets in downtown Dayton, an area characterized by him as a well-known red light area. The appellant got into the driver's seat of an automobile being operated by a man named Tien Nguyen. A man by the name of Jerry Perkins got into the passenger's seat of Nguyen's car, thus squeezing Nguyen between the two front bucket seats. The appellant drove the car from the area and was later stopped by appellee police officer, Fuller. Two other appellee police officers, Bennett and Williams, had apparently radioed for assistance when observing the car leave the area. The appellant was then arrested on charges of either abduction or kidnapping and aggravated robbery. On May 23, 1983, he pleaded guilty to aggravated robbery with a firearms specification and kidnapping and was sentenced to four to twenty-five years imprisonment.
 
 
 5
 The district court held that the appellees are absolutely immune from damages under 42 U.S.C. Sec. 1983 for in-court testimony. Briscoe v. LaHue, 460 U.S. 325 (1983). In addition, the district court held that the appellant's plea of guilty was of an overwhelming evidentiary weight and he had offered nothing of substance to impeach it. The court therefore granted the appellees' motion for summary judgment. We find that the appellant has not demonstrated that there is a genuine issue for trial. Federal Rule Civil Procedure 56(e), Davis v. Robbs, 1129, 1130 (6th Cir.1986). We affirm the decision of the district court.
 
 
 6
 Furthermore, this action was not timely filed in district court. The appellant's alleged injury occurred on March 4, 1983. He filed the instant action on March 29, 1985. Mulligan v. Hazard, 777 F.2d 340 (6th Cir.), cert. denied, 106 S.Ct. 2902-03 (1986) held that civil rights actions are barred in Ohio if not filed within Ohio's one-year statute of limitations, Ohio Rev.Code Ann. Sec. 2305.11. Mulligan applied the Supreme Court's decision in Wilson v. Garcia, 105 S.Ct. 1938 (1985), to cases already filed but not decided prior to Wilson. This Court can raise jurisdictional issues at any time. In Re F & T Contractors, Inc. v. Cunrell, 718 F.2d 171, 180 (6th Cir.1983). The case must therefore be dismissed on this jurisdictional ground.
 
 
 7
 Accordingly, it is ORDERED that the final judgment of the district court is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.